IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Leanny Sorelbis Hernandez Torrealba,** | Case No. 1:26cv00247 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Secretary of U.S. Department of Homeland Security, et al.,** | ORDER |
| **Defendants.** | |

This matter is before the Court on Petitioner Leanny Sorelbis Hernandez Torrealba's ("Petitioner") Motion for Temporary Restraining Order ("TRO") and, in the Alternative, Motion for Preliminary Injunction. (Doc. No. 5.) For the following reasons, Petitioner's Motion for TRO is denied. The Court will consider Petitioner's Motion as seeking preliminary injunctive relief and will address it in the context of the expedited briefing already ordered by this Court on February 5, 2026.

**I.    Relevant Background[1]**

On January 30, 2026, Petitioner filed the instant Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus. (Doc. No. 1.) Therein, Petitioner asserts that she has been detained at the Geauga County Jail in Chardon, Ohio by U.S. Immigration and Customs Enforcement ("ICE") since May 27, 2025 pending removal proceedings. (*Id*. at ¶ 2.) Petitioner asserts that her detention is in violation of her Fifth Amendment due process rights because she has not been provided an individualized bond

---

[1] The Court has set forth the factual allegations relating to Petitioner's removal proceedings and detention in its previous Orders and will not repeat those allegations herein. *See, e.g.*, *See Hernandez Torrealba v. DHS, et al.*, Case No. 1:25cv1621 (N.D. Ohio) (Barker, J.) (Doc. No. 8.) Familiarity with this Court's previous Opinions is presumed.

hearing before an immigration judge ("IJ"). (*Id*. at ¶¶ 47-51.) Petitioner asks the Court to Order Respondents to either (1) immediately release her from custody; or (2) provide her with a bond hearing at which the Department of Homeland Security ("DHS") will bear the burden by clear and convincing evidence to show that she is a danger to the community or a flight risk.[2] (*Id.* at PageID# 11.)

On February 4, 2026, Petitioner filed a Notice that she had mailed the Petition to Respondents via certified mail on January 30, 2026. (Doc. No. 3.) Counsel entered an appearance on behalf of Respondents on February 4, 2026. (Doc. No. 4.) The following day, this Court issued an expedited briefing order directing Respondents to respond to the Petition by no later than fourteen (14) days from the date of the Order, i.e., by February 19, 2026. The Court also stated that Petitioner may reply

---

[2] The Court notes that this is the third § 2241 petition that Petitioner has filed in this Court challenging her detention pending removal proceedings. Petitioner filed her first § 2241 petition on August 4, 2025 ("First Petition"). *See Hernandez Torrealba v. DHS, et al.*, Case No. 1:25cv1621 (N.D. Ohio) (Barker, J.) After ordering expedited briefing, this Court issued a lengthy Memorandum Opinion & Order on August 25, 2025, dismissing the Petition without prejudice due to Petitioner's failure to exhaust her administrative remedies. (*Id*. at Doc. No. 8.) Shortly thereafter, on September 8, 2025, Petitioner filed her second § 2241 petition, again challenging her detention pending removal proceedings ("Second Petition"). *See Hernandez Torrealba v. DHS, et al.,* Case No. 1:25cv1864 (N.D. Ohio) (Barker, J.) On September 11, 2025, this Court issued an Order noting that "[it] is abundantly clear from the Second Petition that Petitioner has not exhausted her administrative remedies." (*Id*. at Doc. No. 5.) The Court indicated that it had "serious concerns that Petitioner has improperly disregarded and violated" this Court's August 25, 2025 Opinion & Order and, therefore declined to schedule an expedited hearing or order expedited briefing within three days, as requested by Petitioner. (*Id*.) Instead, the Court ordered Respondents to file a response to the Second Petition within 14 days. (*Id.*) Later that same day, Petitioner filed a Motion to Withdraw her Second Petition because "she no longer wishes to pursue the instant habeas Petition and has accepted her removal to Venezuela." (*Id*. at Doc. No. 6.) In the Motion, counsel for Petitioner also stated that she had explained to Petitioner that withdrawal of the petition means waiving her right to seek relief through a future habeas petition concerning the detention at issue and that Petitioner acknowledged to her that she understands that she waives her rights and that her decision to withdraw the petition is voluntary. (*Id*.) Based on the above, the Court granted Petitioner's Motion to Withdraw her Second Petition and dismissed it with prejudice. (*Id*. at Non-Doc Order dated 9/12/25.) On January 10, 2026, Petitioner filed a Complaint for Declaratory and Injunctive Relief in this Court, where it was assigned to District Judge Solomon Oliver. *See Hernandez Torrealba v. DHS, et al*., Case No. 1:26cv0063 (N.D. Ohio) (Oliver, J.) Hernandez Torrealba filed a Motion for TRO in that case on January 13, 2026, which Judge Oliver denied the next day. (*Id*. at Doc. Nos. 3, 6.) Hernandez Torrealba then filed a Motion for Reconsideration, which remains pending before Judge Oliver as of the date of this Order. (*Id*. at Doc. No. 7.) Petitioner filed the instant 2241 Petition ("Third Petition") on January 30, 2026. Notably, she fails to mention any of these previous cases in either her Third Petition or her pending Motion for TRO or, alternatively, for Preliminary Injunction.

by no later than fourteen (14) days of the filing of Respondents' Response to the Petition, i.e., by no later than March 5, 2026.

A few hours later, Petitioner filed the instant Motion for TRO and, in the alternative, for Preliminary Injunction. (Doc. No. 5.) Therein, Petitioner seeks the same relief as she does in her Petition, i.e., immediate release from custody or an Order requiring DHS to provide her with a bond hearing at which DHS will bear the burden by clear and convincing evidence to show that she is a danger to the community or a flight risk. (*Id*. at PageID# 57.)

The Court issued an Order directing Respondents to file a Notice indicating whether they intend to oppose Petitioner's Motion. Respondents promptly filed a Notice, in which they stated that they intended to oppose the Motion and requested at least three business days to respond, "given Petitioner's litigative history [and] the lengthy procedural history of this case." (Doc. No. 6.)

II.     Analysis

The Court has carefully reviewed Petitioner's Motion (as well as its attachments) and finds as follows. Petitioner's request for "immediate issuance of a" TRO is denied. (Doc. No. 5 at PageID# 42.) As set forth *supra*, in her Motion, Petitioner seeks the same relief, for the same reasons, as set forth in the Petition itself. Petitioner asks the Court to make a legal determination of the important issues presented in her Motion and Petition "immediately" and without the benefit of any response from Respondents. Petitioner offers no reason why Respondents should not be afforded the opportunity to respond to the Motion and/or Petition. Nor does she adequately explain why the expedited briefing schedule already established by this Court is insufficient.[3]

---

[3] The Court notes that numerous § 2241 petitions challenging aliens' mandatory detention pending removal proceedings have recently been filed in this District. District courts have frequently decided the merits of these petitions only after affording Respondents the opportunity sufficient time to respond and, further, providing the Court itself with sufficient

3

Under these circumstances, the Court finds that Petitioner's request for immediate issuance of a TRO either directing her release from custody and/or ordering DHS to provide her with a hearing, is not appropriate or well-taken. The Court will instead construe Petitioner's Motion as seeking a preliminary injunction. Respondents may address Petitioner's request for preliminary injunctive relief when they file their Response to the Petition on February 19, 2026, pursuant to this Court's expedited briefing order. Petitioner may respond by March 5, 2026. The Court will then fully and carefully consider the parties' briefing and set a hearing, if necessary.

**IT IS SO ORDERED.**

Date: February 5, 2026

      s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

time to fully and thoughtfully consider the important issues raised therein. Notably, this has been the case even where the petitions at issue have involved petitioners that had been subject to mandatory detention. *See, e.g., Kaur v. Adducci*, Case No. 4:25cv2679 (N.D. Ohio) (where petitioner had been detained since September 2025, § 2241 petition filed December 10, 2025; hearing held before Magistrate Judge on Jan. 5, 2026; Report & Recommendation filed January 14, 2026; Objection filed Jan. 28, 2026, which remains pending); *Millan v. Vorhies, et al.*, Case No. 4:25cv2779 (N.D. Ohio) (where petitioner had been detained since July 2025, § 2241 petition filed December 23, 2025; hearing held January 14, 2026; Report & Recommendation filed January 30, 2026, which remains pending).