**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

**Leanny Sorelbis Hernandez Torrealba,**

      **Petitioner,**

      **-vs-**

**U.S. Department of Homeland Security,
et al.,**

      **Respondents.**

**Case No.  1:26CV00247**


**JUDGE PAMELA A. BARKER**


**ORDER**

On January 30, 2026, Petitioner Leanny Sorelbis Hernandez Torrealba ("Petitioner" or "Hernandez") filed a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus ("Petition"), in which she asserts that she has been detained by U.S. Immigration and Customs Enforcement ("ICE") for an unreasonably prolonged period of time without having received an individualized bond hearing, in violation of her Fifth Amendment Due Process rights.  (Doc. No. 1.)  Shortly thereafter, on February 5, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO") and, in the alternative, for Preliminary Injunction.  (Doc. No. 5.)

On February 5, 2026, the Court denied Petitioner's request for a TRO and indicated that it will construe her Motion as seeking a preliminary injunction.  (Doc. No. 7.)  Pursuant to an expedited briefing Order issued by this Court, Respondents Secretary of the United States Department of Homeland Security ("DHS"), ICE Field Office Director Robert Lynch, and the Attorney General of the United States (hereinafter referred to collectively as "the Federal Respondents") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and Return of Writ on February 19, 2026. (Doc. No. 9.)  Petitioner filed a Response to the Federal Respondents' Motion on March 5, 2026.

(Doc. Nos. 10.)  The Federal Respondents filed a Reply in support of their Motion to Dismiss and Return of Writ on March 13, 2026.  (Doc. No. 12.)

In their Motion to Dismiss, the Federal Respondents argue (among other things) that Petitioner's Motion for Preliminary Injunction should be denied, and the Petition should be dismissed without prejudice, because Petitioner failed to exhaust her administrative remedies.  (Doc. No. 9-1 at PageID#s 135.)  The Federal Respondents assert generally that Petitioner "still has an appeal pending regarding her request for bond reconsideration, and she also has an administrative appeal due next month relating to her application for asylum and order of removal to Ecuador."  (*Id*.)  The Federal Respondents, however, fail to address any of the three factors set forth in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)[1] and applied by district courts in this Circuit (including by this Court in *Hernandez I)*.  (*Id*.)  Rather, the Federal Respondents simply argue (summarily) that Petitioner "should be required to exhaust these claims regardless of her chances of success at the administrative level."  (*Id*.)

In response, Petitioner argues that all three *Puga* factors weigh in her favor.  (Doc. No. 10 at PageID#s 247-248.)  Petitioner maintains that the first *Puga* factor weighs in her favor because the question of whether her detention is unreasonably prolonged "is principally a legal question that does not require the record that would be developed by appealing to the BIA."  (*Id*.)  She asserts that the second *Puga* factor also weighs in her favor because "it does not appear that relaxing the exhaustion requirement would encourage the deliberate bypass of the administrative scheme because under

---

[1] Under the Ninth Circuit's test in *Puga*, courts may require prudential exhaustion when:  "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Puga*, 488 F.3d at 815(citations omitted) (hereinafter "the *Puga* factors").

*Matter of Yujare Hurtado* and *Matter of M-S*, [27 I&N Dec. 509, 2019 WL 1724249 (A.G. April 16, 2019)][2] the IJ does not have authority over a bond request." (*Id.*)  Lastly, Petitioner argues that the third *Puga* factor weighs in her favor because "there is no agency mistake to correct" since "the BIA is bound by the Attorney General's decision in *Matter of M-S*."  (*Id.*)

In their Reply, the Federal Respondents again argue generally that "Petitioner can appeal to the [BIA]" and note that "she has already appealed the IJ's Order granting DHS's motion to dismiss her bond request."  (Doc. No. 12 at PageID# 275.) The Federal Respondents fail to address any of Petitioner's specific arguments regarding application of the *Puga* factors, including her argument that there is no possibility of bond in connection with her appeal of the IJ's order of removal to Ecuador in light of the Attorney General's decision in *Matter of M-S.*  (*Id.*)

In evaluating the parties' arguments regarding exhaustion, it is important to consider the current procedural status of the Petitioner's administrative proceedings.  Based on its review of the record currently before this Court, it appears that Petitioner has two appeals pending before the BIA as of the date of this Order: (1) her appeal of the IJ's September 3, 2025 decision to dismiss her request for a bond redetermination ("Bond Redetermination Appeal") (Doc. No. 9-2 at PageID#s 179-187); and (2) her appeal of the IJ's February 3, 2026 denial of her asylum application and order of removal to Ecuador ("Removal Appeal") (Doc. No. 10-3 at PageID# 264.)  In addition, Petitioner has three pending requests for parole pending before ICE.  (Doc. No. 1 at ¶¶ 37, 40, 44; Doc. No. 5-9 at PageID# 79; Doc. No. 5-11 at PageID# 85; Doc. No. 5-13 at PageID# 107.)

---

[2] In *Matter of M-S*, the Attorney General of the United States determined that: "An alien who is transferred from expedited removal proceedings to full removal proceedings after establishing a credible fear of persecution or torture is ineligible for release on bond. Such an alien must be detained until his removal proceedings conclude, unless he is granted parole." *Matter of M-S*, 27 I&N Dec. 509.

This Court requires supplemental briefing from both parties regarding the issue of whether to require Petitioner to exhaust her administrative remedies.  Specifically, **by no later than April 20, 2026**, the Federal Respondents shall file a Supplemental Brief (no longer than ten (10) pages in length) that addresses the following issues:

1.  Petitioner's argument that there is no longer any avenue for her to obtain a bond hearing in light of the Attorney General's decision in *Matter of M-S*, 27 I&N Dec. 509, 2019 WL 1724249 (A.G. April 16, 2019).[3]

2.  The impact, if any, of the IJ's Order of Removal to Ecuador on Petitioner's pending Bond Redetermination Appeal.  As set forth in the parties' briefing, Petitioner filed her Motion for Subsequent Custody Determination in August 2025; the IJ denied the Motion and vacated the bond hearing on September 3, 2025; and Petitioner appealed the IJ's ruling on September 4, 2025.  Petitioner's Bond Redetermination Appeal, then, was filed well before the IJ vacated the asylum officer's negative credible fear determination; DHS placed her back in standard removal proceedings; the IJ ordered Petitioner removed to Ecuador; and Petitioner appealed that order to the BIA.  The Federal Respondents shall address what effect, if any, these subsequent events have on Petitioner's Bond Redetermination Appeal and, more specifically, whether they render her Bond Redetermination Appeal effectively moot.

---

[3] While not clearly articulated or explained, Petitioner's argument appears to be as follows.  In September 2025, DHS "perfected Petitioner's expedited removal order" (i.e., obtained a supervisory signature on her Notice and Order of Expedited Removal), which "put her under the mandatory detention statute 8 U.S.C. § 1225(b)(1)." (Doc. No. 10 at PageID#247.) Subsequently, the IJ vacated the asylum officer's negative credible fear determination, which automatically placed Petitioner back in standard removal proceedings. (Doc. No. 1 at ¶ 9.)  However, according to Petitioner, despite the fact that she is currently in standard removal proceedings, there is nonetheless no administrative avenue for her to obtain bond, in light of the AG's ruling in *Matter of M-S, supra*.

3.     Whether there are any administrative avenues available to Petitioner to (1) contest inaction by ICE on her three parole requests; and (2) appeal any denial by ICE of Petitioner's parole requests, should ICE ultimately deny her requests.

4.     Lastly, the Court directs Federal Respondents to specifically address and discuss each of the three *Puga* factors in their Supplemental Brief, particularly in light of the issues raised above.

**By no later than April 27, 2026**, Petitioner shall file a Supplemental Brief (also no longer than ten (10) pages in length) that addresses the Federal Respondents' supplemental briefing regarding the issues set forth above.

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 13, 2026                          U. S. DISTRICT JUDGE